UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:   Case No. 8:10-bk-29022-MGW

UNIVERSITY MILLENNIUM PARK, LLC

Debtor.
_____/

FRANK KRISTAN,

Appellant,

vs.   Case No. 8:11-cv-696-T-17

DARRELL HANSON,

Appellee.
_____/

## ORDER ON APPEAL OF DISMISSAL OF INVOLUNTARY PETITION

This matter comes before the Court on Appellant, Frank Kristan's, appeal of orders of the Bankruptcy Court for the Middle District of Florida, Tampa Division, dismissing Kristan's involuntary petition for a Chapter 11 Bankruptcy against University Millennium Park, LLC. For the reasons set forth below, the order of the Bankruptcy Court shall be AFFIRMED.

### BACKGROUND

This cause arises from an involuntary petition heard before the Bankruptcy Court in the case of alleged debtor University Millennium Park, LLC. This appeal from Case Number 8:10-bk-29022-MGW concerns the following orders: Final Order Granting Emergency Joint Motion to Dismiss Involuntary Petition, entered January 21, 2011 and

1

Final Order Denying Motion for Reconsideration of Order Granting Emergency Joint Motion to Dismiss Involuntary Petition, entered February 18, 2011. Both orders were entered by the Honorable Michael G. Williamson.

On December 2, 2010, Frank Kristan and Ben Handa filed an involuntary petition for a Chapter 11 Bankruptcy against alleged debtor University Millennium Park, LLC. Handa was a co-petitioner with Kristan in the Bankruptcy Court, but is not a co-appellant in this action. Sydney Mines Reclamation, LLC; Sydney Mines Development Company, LLC; SS Group Investments, LLC; and Darrell Hanson were listed in the involuntary petition as alternative names of University Millennium Park, LLC. Also on December 2, 2010, Darrell Hanson and Phoenix Development filed an Emergency Joint Motion to Dismiss Involuntary Petition, or For Relief from the Automatic Stay to permit a foreclosure sale the following day, December 3, 2010, on property owned by and titled to University Millennium Park, LLC. Hanson and Phoenix Development held first and second mortgages respectively for the aforementioned property.

On December 3, 2010, in an affidavit, Hanson, as manager of University Millennium Park, LLC stated that Kristan and Handa never did business with University Millennium Park, LLC. Also on December 3, 2010, the Bankruptcy Court granted in part the Emergency Joint Motion to Dismiss Involuntary Petition in order to allow Phoenix Development to move forward with the scheduled foreclosure sale on December 3, 2010. In the December 3, 2010 order, the Bankruptcy Court reserved judgment until a scheduled hearing on January 5, 2011.

On December 7, 2010, the Bankruptcy Court, upon the Court's own motion, entered an order removing Sydney Mines Reclamation, LLC; Sydney Mines Development Company, LLC; SS Group Investments, LLC; and Darrell Hanson from the involuntary petition, pursuant to 11 U.S.C. § 302(a) (2011), since joint petitions for more than one entity other than an individual and spouse are not permitted. Kristan did not appeal the December 7, 2010 order. Also on December 7, 2010, Kristan filed an Objection to Joint Motion to Dismiss Involuntary Petition or For Relief from the Automatic Stay and Petition for Appointment of Interim Trustee on December 7, 2010.

On January 5, 2011, the Bankruptcy Court held a hearing to consider the December 2, 2010 Emergency Joint Motion to Dismiss Involuntary Petition, or For Relief from the Automatic Stay. Hanson's counsel represented him in person and Kristan participated by phone. The Bankruptcy Court determined the involuntary petition should be dismissed, finding that Kristan did not dispute the allegations in the motion that he and Handa were not actually direct creditors of University Millennium Park, LLC. Instead, the Bankruptcy Court found that Kristan raised other issues relating to other persons or alter egos, which should have been taken care of in State Court. As such, the Bankruptcy Court found that Kristan did not have standing to file the involuntary petition and entered an Order Granting Emergency Joint Motion to Dismiss Involuntary Petition on January 21, 2011. On January 31, 2011, Kristan filed a Motion for Reconsideration of the Motion to Dismiss Involuntary Petition. The Bankruptcy Court denied the aforementioned motion on February 18, 2011, finding Kristan stated no grounds that entitled him to the relief requested.

## JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction of final judgments of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1) (2011). Bankruptcy Courts are governed by the Federal Rules of Bankruptcy Procedure. When reviewing bankruptcy proceedings, "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." 11 U.S.C. § 8013 (2011). Therefore, the Bankruptcy Court's findings of fact are upheld unless the District Court finds clear error. *In re Optical Technologies,* Inc., 425 F.3d 1294, 1299-1300 (11th Cir. 2005). Finally, the District Court will review conclusions of law *de novo. Id.* at 1300.

## DISCUSSION

The critical issues on appeal are: (1) whether the Bankruptcy Court correctly held that Kristan was not a creditor of University Millennium Park, LLC and (2) whether the Bankruptcy Court correctly dismissed the involuntary petition against University Millennium Park, LLC. The former issue is a finding of fact and must be upheld unless this Court finds it was clearly erroneous. The latter issue is a conclusion of law and is reviewed by this Court *de novo.*

**I. The Bankruptcy Court's finding of fact that Kristan was not a creditor of University Millennium Park, LLC was not clearly erroneous.**

Pursuant to the Bankruptcy Code, "creditor," is defined as follows, "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in

4

section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or (C) entity that has a community claim." 11 U.S.C. § 101(10) (2011). Additionally, if a petitioner of an involuntary bankruptcy petition does not have a valid claim against the alleged debtor, the petitioner is not a creditor, and the involuntary petition will be dismissed. *In re Raymond*, 121 B.R. 642, 643 (Bankr. M.D. Fla. 1990).

The Bankruptcy Court found that Kristan was not a creditor of University Millennium Park, LLC since he never disputed that he was not a creditor. During the hearing of the Emergency Motion to Dismiss Involuntary Petition held on January 5, 2011, instead of answering the direct question or offering proof that he was in fact a direct creditor, Kristan answered the question by raising other issues relating to other persons or alter egos. Not only did Kristan fail to dispute the allegation that he was not a creditor of University Millennium Park, LLC, but he also failed to dispute the allegation again in his appellant brief to this Court. Moreover, Kristan did not state in plain terms that he was a creditor of University Millennium Park, LLC or any of the alleged alter egos or aliases in any of the filings to the Bankruptcy Court or this Court. It is evident the Bankruptcy Court's finding of fact that Kristan was not a creditor of University Millennium Park, LLC was not clearly erroneous. Since only a creditor may file an involuntary petition against a debtor, this leads directly into the next issue.

**II. The Bankruptcy Court's conclusion of law that the involuntary petition against University Millennium Park, LLC should be dismissed was not in error.**

As mentioned previously, if a petitioner is not a creditor, the involuntary petition will be dismissed. *In re Raymond*, 121 B.R. at 643. Additionally, pursuant to 11 U.S.C. §

5

303(b) (2011), an involuntary case may be commenced only if certain quantitative and qualitative requirements are fulfilled. The petition must be brought by three or more creditors, unless there are fewer than twelve creditors, and the claims must not be subject to a bona fide dispute. *Id.* The party that holds the initial burden of proving that the claims are not subject to a bona fide dispute is the petitioning party. *In re Atl. Portfolio Analytics & Mgmt.*, 380 B.R. 266, 273 (Bankr. M.D. Fla. 2007).

As stated above, the Bankruptcy Court found Kristan and Handa were not creditors of University Millennium Park, LLC and did not have standing to file the involuntary petition. Since Kristan was not a creditor of University Millennium Park, LLC, he did not have standing to bring the involuntary petition. Although it is clear Kristan was not a creditor, he did not have standing on other grounds as stated below.

Only two entities, Kristan and Handa, initiated the involuntary petition, which failed to meet the three quantity requirement of 11 U.S.C. § 303(b)(1). In Kristan's appellant brief and Hanson's appellee brief to this Court, both parties acknowledged there were more than twelve creditors of University Millennium Park, LLC, which failed to meet the less than twelve creditors requirement of 11 U.S.C. § 303(b)(2). Thus, the quantitative requirements of filing an involuntary petition were not met. Additionally, pursuant to U.S.C. § 303(b), Kristan did not meet the qualitative requirements as he did not fulfill his initial burden in putting forth a prima facie case that a bona fide dispute did not exist as to both liability and amount. Not only did Kristan not meet the quantitative requirements of filing an involuntary petition, he also did not meet the qualitative

requirements. For the reasons stated above, under a *de novo* review, this Court finds no error to ascribe to the Bankruptcy Court.

Additionally, "Except as otherwise provided by law, agreed to by the parties, or ordered by the district court or the bankruptcy appellate panel, costs shall be taxed against the losing party on an appeal." 11 U.S.C. § 8014 (2011). As such, the prevailing party shall be awarded reasonable costs.

Accordingly, it is:

**ORDERED** that the orders of the Bankruptcy Court are **AFFIRMED** and this appeal is **DISMISSED**. The Clerk of Court is directed to close this case and enter judgment for the Appellee.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 5th day of October, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record